The defendant, Sophia Kaivas (tenant), appeals from a judgment of the Housing Court granting possession of her apartment to the plaintiffs, Anna and Rafael Ardon (landlords). She asserts the judge erred in ruling against her on her counterclaim for an illegal lock-out under G. L. c. 186, § 14.[3] Concluding that the tenant failed to prove a serious interference with her tenancy, we affirm.
The landlords purchased the property in which the tenant had resided for several years. She had no lease, but the parties agreed that she could remain on the premises until May 31, 2016. On May 31, 2016, the tenant did not vacate the premises. On June 6, 2016, the landlords locked the basement door, which, according to the tenant, deprived her access to a common area in which her washing machine was located.
Meanwhile, the landlords began an action for summary process, and the tenant counterclaimed for breach of the tenant's quiet enjoyment of the premises. After a jury-waived trial, the judge awarded possession to the landlords, but he awarded them no money damages and gave the tenant time to move. The judge also did not specifically grant judgment on the counterclaim.[4] This appeal followed.
On appeal, the tenant does not contest the finding of possession for the landlords but contends the judge erred in failing to award her treble damages on her counterclaim. We disagree.
In order to prevail on a claim of a violation of the covenant of quiet enjoyment, a tenant must show there was a "serious interference[ ] with [the] tenancy," Rahman v. Federal Mgmt. Co., 23 Mass. App. Ct. 701, 705 (1987), quoting from Simon v. Solomon, 385 Mass. 91, 102 (1982), that "substantially impair[s] the character and value of the leased premises." Winchester v. O'Brien, 266 Mass. 33, 36 (1929) (quotation omitted). The evidence here did not support such a serious infraction. The tenant was not locked out of her apartment but, rather, was deprived of access to the common basement area. There was no evidence as to how long the tenant was denied access to that limited area. By the time of trial (approximately one month later), the condition had been remedied. On this record, therefore, the interruption did not rise to the level of a substantial interference with her tenancy. Accordingly, we conclude the judge properly denied awarding the tenant judgment on her counterclaim.[5]
Finally, we deny the parties' respective requests for costs, fees, and damages. The tenant did not prevail on her appeal, but her appeal was not so lacking in merit that it justifies an award of fees and costs to the landlords. Avery v. Steele, 414 Mass. 450, 455-56 (1993).
Because the judgment does not encompass the judge's ruling on the counterclaim, the judgment is modified to provide that the tenant's counterclaim is dismissed. As so modified, the judgment is affirmed.
So ordered.
As so modified, the judgment is affirmed.

The defendant also contends that the notices to quit the landlords served on her were facially invalid. The tenant waived this argument by not raising it in her original brief. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Canton v. Commissioner of Mass. Hy. Dept., 455 Mass. 783, 795 n.18 (2010).

Both parties agree that the judge ruled on the counterclaim; however, no judgment specifically pertaining to the counterclaim was entered on the docket.

Contrary to the tenant's contention, the judge's admonishment to the landlord that "he cannot do that" is not tantamount to a finding of a substantial interference with her tenancy.